IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CV-482-FL

| | |
|---|---|
| NESHIED A. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | INITIAL ORDER REGARDING |
| v. ) | PLANNING AND SCHEDULING |
| ) | |
| LAW OFFICES OF LAURENCE A. ) | |
| HECKER, ) | |
| Defendant. ) | |

This case has been assigned to the docket of Judge Louise W. Flanagan. Pursuant to Rule 26(f), FED. R. CIV. P., the court sets the following deadlines and requirements for conference activities, initial disclosures, and for submission of the parties' joint status report and proposed plan for discovery. Pursuant to Rule 16(b), the court hereby sets this case for scheduling conference by telephone on **Tuesday, April 3, 2007 at 9:00 a.m. (E.S.T.).**

I.  **Rule 26(f) Conference**

**The Rule 26(f) conference must occur on or before twenty-one (21) days from entry of this order.** The parties are jointly responsible for arranging the conference, which shall involve counsel for each represented party and all unrepresented parties, and for attempting in good faith to agree on a proposed plan for completion of discovery, filing of motions, pretrial and trial activities, and other matters addressed in this order.

## II. Initial Disclosures

**Mandatory initial disclosures required by Rule 26(a)(1) must be made within fourteen (14) days after the Rule 26(f) conference**, unless (a) a different time is set by stipulation of parties or court order, or (b) a party objects during the Rule 26(f) conference and states the objection and the response thereto in the report and plan filed with the court. Absent a stipulation or court order, any party first served or otherwise joined after the conference must make these disclosures within thirty (30) days after being served or joined. Failure to disclose information required by Rule 26(a) or 26(e)(1) may subject the offending party or parties to sanctions pursuant to Rule 37. In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties may agree that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by a date certain.

## III. Joint Report and Plan

**The report and plan shall be filed with the court within fourteen (14) days after the conference.** The report and plan shall inform of the date on which the Rule 26(f) conference took place, persons participating therein, list all persons serving as lead counsel who are required to attend the Rule 16(b) telephone conference to which reference is made in Section IV below, and provide telephone numbers for these individuals. The following must be considered at the Rule 26(f) conference and also included in the report and plan:

1. Discussion of the nature and complexity of the case.[1] This shall be presented

---

[1] Routine cases generally subscribe to a track which permits disposition within twelve (12) to fourteen (14) months after the filing of the complaint, where parties are joined within two months after conference, any amendments to pleadings as of right or subject to motion are made within two months, initial motions to dismiss are made within three

2

in the form of a brief statement which contains information from all parties and presents their respective positions including:

    a.      The asserted basis for the court's subject matter jurisdiction;

    b.      The most important or key factual issues and legal issues that are believed to be involved in the case; and

    c.      A breakdown of damages sought.

2.      Specific information concerning the parties' plan for discovery, including:

    a.      The subjects on which discovery may be needed;

    b.      Whether discovery should be conducted in phases and/or limited to or focused upon particular issues;

    c.      The categories of discovery to be utilized by the parties, and proposed limitations. Where any proposed limitation is different from that imposed by the Federal Rules of Civil Procedure and/or the court's Local Rules, specific reason therefor shall be set forth;

    d.      The date on which all discovery shall be concluded (not the last date of issuance; rather, this date sets the discovery bar date); and

    e.      Whether any particular discovery problems are anticipated.

3.      Proposed deadlines in addition to the deadline for discovery mentioned above, including for:

---

months, all discovery is completed within six to eight months after conference, and dispositive motions filed within one month after the close of discovery, also in accordance with Local Civil Rule 7.1(a), EDNC. A complex case subscribes to an extended track, taking into consideration large numbers of parties, large numbers of claims and defenses, highly technical issues and proof, multiple experts, greater than normal amounts of documents and evidence, and/or necessity for an extended period of discovery. A complex case contemplates trial within sixteen (16) to eighteen (18) months of the filing of the complaint.

a. Disclosure of expert witness information where appropriate;

b. Joining additional parties;

c. Amending pleadings;

d. Filing of all motions, including preliminary and dispositive ones (except motions in limine). All jurisdictional questions or timeliness questions should be reviewed in advance of the Rule 16(b) conference. If motions have not already been filed, the court should be advised at that pretrial conference that there are preliminary matters which require early disposition;

e. Setting of the pretrial conference; and

f. Establishment of the trial date (the parties shall inform whether the trial will be jury or non-jury). The court expects to set a definite trial date for this case which does not conflict with criminal case settings. The trial date will be consistent with the particular needs of this case, and will be no later than eighteen (18) months from initiation of the litigation, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting. When addressing the proposed trial date, counsel or pro se litigants may inform of complications requested to be considered in the setting of a final trial date.

4. The possibility of settlement and the parties' information concerning which ADR method (mediation, arbitration, or other) has been agreed to together

with the proposed deadline for its completion, where counsel now recommend a specific settlement procedure to be utilized in this case. Alternatives for ADR are described in Local Civil Rules 101.1, 101.2, and 101.3, EDNC, and absent special considerations, a settlement procedure appropriate to a particular case shall be used in every civil action in advance of the final pretrial conference.

5. The parties' position on whether a magistrate judge may conduct all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. 636© (including entry of final judgment, with any appeal directly to the Fourth Circuit Court of Appeals), and Local Rule 73.1, EDNC. Answer Yes or No only. Where there is assent, this agreement shall require that each party through respective counsel and any party appearing pro se MUST sign the report and plan, as this constitutes the parties' consent to referral of the case to a full-time magistrate judge.

6. If another case is pending of or relating to the instant matter, raising potential issues of consolidation or assignment, the report also shall provide notice of this. The parties shall identify the other case(s), and provide their position as to whether consolidation of the actions is or may become appropriate, and/or whether assignment now of related cases to a single judge is likely to result in administrative efficiencies.

If the parties have made a good faith attempt to confer and submit a joint discovery plan, but have been unable to do so, the parties shall file separate plans within the allotted time period, each

5

of which must include the parties' respective positions and information as would be included in a joint report.

IV.   **Rule 16(b) Scheduling Conference**

**Attendance of each party through lead counsel is required at the pretrial conference by telephone, set herein before the undersigned on Tuesday, April 3, 2007 at 9:00 a.m. (E.S.T.).** This proceeding likely is set in this case on a date on which the court is conducting a series of similar pretrial conferences at anticipated twenty-minute intervals. **Conference is ORDERED to be initiated by counsel for plaintiff(s) through a professional conference operator. Counsel for plaintiff(s) shall contact the Clerk's office at (252) 638-8534 no later than 5:00 p.m. (E.S.T.) two business days prior to the scheduled start of the conference, and provide the court with the dial-in number and other conference information. Counsel for plaintiff(s) shall also timely provide this information to opposing counsel.** An order shall be entered immediately after this conference reflecting results premised upon the court's consideration of the parties' representations in the report and plan, and the issues considered at said conference. Case deadlines established among the terms of the order will not be altered by the court absent extenuating circumstances.

SO ORDERED this the _12_ day of February, 2007.

LOUISE W. FLANAGAN
Chief United States District Court Judge

6

Case 5:06-cv-00482-FL   Document 11   Filed 02/14/07   Page 6 of 6