IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-482-FL

| | | |
|---|---|---|
| NESHIED A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE MANAGEMENT |
| | ) | ORDER |
| LAW OFFICES OF LAURENCE A. HECKER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Civil Procedure 16(b), the court conducted a pretrial conference by telephone in this case on **April 3, 2007**, with plaintiff appearing through its representative through counsel John S. Hughes and Angela Martin, and defendant appearing through its representative Caren D. Enloe. After reviewing the parties' joint report and plan, filed **March 15, 2007**, and considering the issues raised at conference, the court orders the following:

I. **Discovery**

   A. The parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

   B. Discovery will be necessary on the factual and legal issues raised by the allegations, causes of action, damages and defenses of the parties' pleadings, as indicated in the parties' joint report and plan filed with the court.

   C. All discovery shall be commenced or served in time to be completed by **September 1, 2007**.

D.  At the pretrial conference, the court stayed entry of this Case Management Order pending a three week period, ending April 24, 2007, for the parties to engage in settlement discussions.

E.  No party shall serve more than **25** interrogatories, including all discrete subparts, to any other party. Responses are due **30** days after service of those interrogatories.

F.  No party shall serve more than **25** requests for admissions to any other party. Responses are due **30** days after service of those requests for admissions.

G.  There shall be no more than **4** depositions by plaintiff and **4** by defendant.

H.  Each deposition shall be limited to **8** hours, unless otherwise agreed by the parties.

I.  Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff by **June 1, 2007**, and by defendant by **July 1, 2007**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) or similar case law, **within eleven (11) days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

2

J.  Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **July 23, 2007.** The supplemental disclosures served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures forty (40) days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. See FED. R. CIV. P. 37(c)(1).

K.  To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See FED. R. CIV. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

L.  Discovery in this case may be governed by a protective order. If the parties disagree

concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

1. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

2. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to

4

access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. A proposed protective order also shall include the following language: "When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.'"

4. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may

attach to the documents, things, and/or information at issue.

## II. Motions

A. Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **May 1, 2007**.

C. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief may be granted shall be filed by **June 1, 2007**.

D. All other potentially dispositive motions shall be filed by **September 15, 2007**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

E. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of Donna Rudd, case manager, at (252) 638-8534. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in

6

discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

F. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, EDNC, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

## III. Alternative Dispute Resolution

A settlement procedure is required in virtually every case, to be conducted before the final pretrial conference, and earlier if ordered in a particular case. Reference is made also to that section of the court's local rules concerning alternative dispute resolution, including Local Civil Rules 101.1, 101.2, and 101.3, EDNC. The court normally will be guided by counsel's agreement as to what procedure is appropriate for the case, and in this case, after conference with counsel, it is provided that:

A. The parties have agreed to undertake either a court-hosted or mediated settlement conference to take place not later than **September 1, 2007**. At the earliest practicable date, counsel shall provide in joint correspondence to the

court the name of an agreed-upon mediator or other neutral to the court, or file a formal request for a court-hosted settlement conference before a Magistrate Judge providing at least three dates that the parties will be available for conference.

B. If at any time a settlement is reached it shall be reported immediately to this court.

## IV. Trial and Pretrial Settings

A. This case is set for a jury trial on the court's docket for that civil term of court beginning **March 3, 2008,** at the United States Courthouse, New Bern, North Carolina. The parties expect the trial of this case to take approximately 2–3 days.

B. Pursuant to Federal Rule of Civil Procedure 16(d), a final pretrial conference will be scheduled before the undersigned at the United States Courthouse, New Bern, North Carolina at a date and time approximately two weeks in advance of trial pursuant to notice of the clerk of court which shall issue approximately two months prior to said conference date. Each party appearing in this action shall be represented by the attorney who is to have charge of the conduct of the trial on behalf of such party. Continuance of the pretrial conference at a party's request is highly unlikely. Counsel should plan to do the necessary pretrial work on a schedule which will insure its completion with time to spare before the final pretrial conference. Specifically, failure to complete discovery work is not a ground for a continuance.

C. At the final pretrial conference the court will:

1. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1), EDNC.

2. Rule upon any dispute where video depositions are to be used and the parties

have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2), EDNC.

3. Rule upon contested issues of law, anticipated evidentiary objections, and motions in limine, to the extent possible in advance of trial. Where these types of questions or issues reasonably can be anticipated at this time, memoranda or motion as applicable, contemplated by Local Civil Rule 39.1(a), shall be filed **fourteen (14) days** prior to the final pretrial conference, permitting sufficient time for any written response in advance of conference. Adherence to the time requirements in this and succeeding paragraphs, some of which deviate from the deadlines provided for in the Local Rules, is necessary for in-chambers preparation for the final pretrial conference.

4. Where trial of a matter involves a jury trial, preview proposed jury instructions jointly required to be filed **seven days** prior to the final pretrial conference, and where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and, if applicable, a proposed alternative instruction. Local Civil Rule 51.1, EDNC. Counsel shall submit an electronic copy of said proposed jury instructions to chambers, in WordPerfect format, at the following email address: **Documents_Judge_Flanagan@nced.uscourts.gov**. This is a receipt-only email address reserved solely for submission of such requested electronic copies of such pretrial documents, supplemental to filing.

5.  Where trial of a matter involves a jury trial, consider proposed verdict form jointly required to be submitted by counsel to chambers (but not filed), together with the parties' pretrial order referenced in paragraph D below, **seven days** prior to the final pretrial conference, and where there is disagreement as to form, this jointly prepared submission shall disclose the basis for a party's objection and a proposed alternative verdict form. Counsel shall also submit an electronic copy of said documents to chambers, in WordPerfect format, at the following email address: **Documents_Judge_Flanagan@nced.uscourts.gov**.

6.  The parties shall include among their submissions to chambers **seven days** prior to the final pretrial conference copies of all exhibits, properly bound. Local Civil Rule 39.1(b)(2), EDNC.

7.  Where this conference presents the final opportunity to prevent wasting trial time on pointless or undisputed matters, endeavor to streamline the trial, including but not limited to, where applicable, consideration of: bifurcation; presentation of non-critical testimony by deposition excerpts; stipulations as to the content of testimony; submission at bench trial of witnesses' testimony as narrative written statements, which can be received at trial in lieu of direct testimony subject to objections and cross-examination of witnesses; and qualification of experts by admitted resumes; and

8.  Explore once more the opportunities for settlement.

D.  Not later than **seven days** prior to the final pretrial conference, counsel shall submit

to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b), EDNC. This submission shall comply with the form specified in Local Civil Rule 16.1(c), EDNC, and in its transmittal to chambers be accompanied by items made mention of in paragraphs C(4) through (6) above. Pursuant to Local Civil Rule 16.1(c)(3) and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed in the pre-trial order are waived unless excused by the court for good cause.

E. In jury cases, the court will conduct the examination of jurors. Not later than **seven days** prior to the trial, counsel shall file a list of any voir dire questions counsel desires to ask the jury. Local Civil Rule 47.1(b), EDNC. Failure to timely file proposed questions will be deemed a waiver of any supplemental inquiry. Counsel also shall submit an electronic copy of said proposed voir dire questions to chambers, in WordPerfect format, at the following address:

**Documents_Judge_Flanagan@nced.uscourts.gov.**

F. In jury cases, a joint statement of the case will be read by the court to the prospective panel of jurors before commencement of voir dire. Counsel shall file a joint statement of the case not later than **seven days** prior to the trial. Unless the case is extremely complex, this statement, the purpose of which is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions, should not exceed one paragraph.

G. Where a significant number of exhibits are to be admitted, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be clarified while being presented, particularly in jury trials. Counsel may

11

consider such devices as overhead projectors, jury notebooks for admitted exhibits, or blow-ups of important exhibits. Counsel shall make every effort to avoid passing exhibits up and down the jury box while the court is in session. Counsel shall familiarize him or herself with the technology available in the courtroom or able to be inserted by counsel and utilized in the room during trial. Any technical inquiries shall be directed by counsel to the case manager well in advance of the trial date.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 30 day of April, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge